Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
UNDER ARMOUR, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REBECCA ELIZABETH MURRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNDER ARMOUR, INC., a Maryland corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 2:18-CV-04032<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1446 AND 1453**<br><br>Complaint Filed: April 4, 2018 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Under Armour, Inc. ("Under Armour") hereby removes the state court action described below to this Court pursuant to 28 U.S.C. §§ 1446, 1453 and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"). In support thereof, Under Armour states as follows:

## I.
## INTRODUCTION

1. On March 29, 2018, Under Armour announced that it recently became aware that an unauthorized party acquired data associated with MyFitnessPal user accounts in late February 2018. Within days of that announcement, Plaintiff Rebecca Murray filed this lawsuit in the Superior Court for the State of California, County of Los Angeles, as Case No. B700750, *Rebecca Elizabeth Murrray, et al. v. Under Armour, Inc., et al.* (the "State Action"). The Complaint in the State Action asserts nine causes of action for breach of implied contract, negligence, violation of California's unfair competition laws, constitutional invasion of privacy, negligence *per se*, breach of the implied covenant of good faith and fair dealing, and violation of "State Data Breach Acts." Compl. ¶¶ 40-111.

2. Plaintiff served Under Armour with the Summons and Class Action Complaint on April 18, 2018.

3. On behalf of herself and the putative class, Plaintiff seeks, among other things, restitution and disgorgement, actual and compensatory damages, costs of suit and attorneys' fees, and punitive damages. Compl., Prayer.

4. As shown below, the State Action is removable to this Court because all procedural requirements for removal are satisfied, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

## II.

## UNDER ARMOUR HAS SATISFIED THE
## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As stated above, Plaintiff served Under Armour with the Summons and Class Action Complaint on April 18, 2018. Thus, Under Armour's Notice of Removal is timely because it is filed within 30 days of the date of service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

6. Venue lies in the United States District Court for the Central District of California because the State Action was filed by Plaintiff and is now pending in this judicial district. *See* 28 U.S.C. § 1441(a) (mandating venue for removal actions).

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Under Armour, which papers include the Summons and Class Action Complaint, are attached hereto as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Los Angeles.

## III.

## REMOVAL IS PROPER BECAUSE THIS
## COURT HAS SUBJECT MATTER JURISDICTION

9. The State Action is a civil action over which this Court has original jurisdiction pursuant to CAFA. Under CAFA, federal courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The State Action meets those requirements.

10. To remove a case under CAFA, a defendant need only "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal'"—*i.e.*, the same "liberal" pleading standard required by Federal Rule of Civil Procedure 8(a), requiring only plausible allegations as to the basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). Under Armour easily meets that standard.

11. As set forth below, this is a putative class action in which, as alleged: (i) there are more than 100 members in Plaintiff's proposed class; (ii) Plaintiff and the members of the putative class have a different citizenship than Under Armour; and (iii) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. The State Action Is A "Class Action" Under CAFA

12. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. Plaintiff styles her Complaint as a "Class Action Complaint," she specifically alleges that she is bringing the State Action "on behalf of all other persons similarly situated" (Compl. ¶ 33), she purports to set forth class action allegations under Section 382 of the California Code of Civil Procedure (*id.* ¶¶ 33-39), she contends a "class action is an appropriate method for the fair and efficient adjudication of this controversy" (*id.* ¶ 39), and she seeks an "Order certifying the National and California Class … and appointing Plaintiff and her Counsel to represent the National and California Class" (*id.*, Prayer). Actions seeking class treatment in this manner are "class actions" under CAFA. *Bryant v. NCR Corp.*, 284 F. Supp. 3d

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1147, 1150 (S.D. Cal. 2018) ("Here, there is no dispute the present action is a 'class action' under CAFA, as the action contains class allegations under California Code of Civil Procedure § 382.").

### B. The Putative Class Consists Of More Than 100 Members

14. Plaintiff seeks to represent a "California Class" consisting of "[a]ll persons residing in California whose PII was disclosed in the data breach in 2017-2018," as well as a "Nationwide Class" consisting of "[a]ll persons residing Nationwide whose PII was disclosed in the data breach in 2017-2018." Compl. ¶ 33.

15. The putative class consists of more than 100 individuals. Indeed, Plaintiff claims "150 million consumers" were affected by the security incident, and that the members of the combined California and Nationwide Classes "are believed to be in the millions." Compl. ¶¶ 1, 34. And Under Armour avers that there are more than one million that fall within the putative class definition. Accordingly, the requirement of 100 or more class members is met.

### C. Minimal Diversity Is Satisfied

16. Under CAFA's "minimal diversity" requirement, a "federal court may exercise jurisdiction over a class action if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 740 (2014) (quoting 28 U.S.C. § 1332(d)(2)(A)); *Duran v. Fernandez Bros., Inc.*, 2015 WL 7012884, at *3 (N.D. Cal. Nov. 12, 2015).

17. Under Armour is a Maryland corporation that has its principal place of business there. Compl. ¶ 7. Under Armour, therefore, is a Maryland citizen for removal purposes. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); 28 U.S.C. § 1332(c)(1). Under CAFA, regardless of Plaintiff's citizenship, minimal diversity exists if any member of the proposed class is a citizen of a State other than Maryland. 28 U.S.C. § 1332(d)(2)(A), (d)(2)(B); *Mississippi ex rel. Hood*, 134 S. Ct. at 740; *Duran*, 2015 WL 7012884, at *3. CAFA's minimal diversity requirement is satisfied.

18. Plaintiff herself claims to be a California resident, making her diverse from Under Armour. Compl. ¶ 5. Moreover, she purports to represent a "California Class" consisting of "[a]ll persons residing in California." *Id.* ¶ 33. Accordingly, it is plausible to assume at least one of those individuals is a California citizen who is diverse from Under Armour. On top of that, Plaintiff purports to represent a "Nationwide Class" that includes "[a]ll persons residing Nationwide." *Id.* ¶ 33. It is likewise plausible that at least one of those individuals is a citizen of a State that is not Maryland. Minimal diversity exists.

### D. The Amount-In-Controversy Requirement Is Satisfied

19. To establish CAFA's amount-in-controversy requirement, Under Armour "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee*, 135 S. Ct. at 554.

20. Although Under Armour denies that Plaintiff or any putative class member suffered any cognizable injury as a result of the security incident at issue, Plaintiff asserts causes of action for breach of implied contract, negligence, violation of California's unfair competition laws, constitutional invasion of privacy, negligence *per se*, breach of the implied covenant of good faith and fair dealing, and violation of "State Data Breach Acts." Compl. ¶¶ 40-111.

21. In connection with those claims, Plaintiff seeks classwide damages for, among other things, the "deprivation of the value of [the putative class'] PII." Compl. ¶ 32(g). Plaintiff values that "PII" at approximately $20 per putative class member. In particular, she claims "[c]redit and debit card dumps can be sold in the cybercrime criminal underground for a retail value of about '$20 apiece.'" *Id.* ¶ 22. Taking that allegation as true, along with Plaintiff's claim that the members of the combined Classes "are believed to be in the millions" (*id.* ¶ 34), Plaintiff has put at least $20 million into controversy. CAFA's $5 million amount-in-controversy requirement is met on that basis alone.

22.     Similarly, Plaintiff seeks "statutory damages for Under Armour's willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83." *Id.* ¶ 110.  Under Section 1798.83(c), "for a willful, intentional, or reckless violation of Section 1798.83, a customer may recover a civil penalty not to exceed three thousand dollars ($3,000) per violation; otherwise, the customer may recover a civil penalty of up to five hundred dollars ($500) per violation for a violation of Section 1798.83."  Assuming just $500 per alleged violation, and assuming one alleged violation for each of the "millions" of putative class members, CAFA's $5 million threshold is satisfied.

23.     Likewise, Plaintiff seeks "[a]scertainable losses in the form of out-of-pocket expenses and the value of [the putative class'] time reasonably incurred to remedy or mitigate the effects of the data breach."  Compl. ¶ 32(f).  Plaintiff claims the security incident has caused the putative class to "review[] and monitor[] their credit reports and accounts for unauthorized activity."  *Id.* ¶ 31.  Plaintiff also claims the putative class is entitled to the value of "credit reporting services" as a result of the security incident.  *Id.* ¶ 32(h).  At just $5 per putative class member, this request independently satisfies the $5 million CAFA threshold.  Credit reporting services generally cost more than $5 per month.

24.     Finally, while the Complaint does not specify whether Plaintiff personally registered for any premium MyFitnessPal services, she seeks, on behalf of the putative class, "[o]verpayments to Under Armour" based on a "portion of the price paid … to Under Armour … for the costs of reasonable and adequate safeguards and security measures."  Compl. ¶ 32(h).  Currently, there are approximately 687,000 premium MyFitnessPal users in the United States, and MyFitnessPal premium services cost $9.99 per month.  Accordingly, if Plaintiff sought just $8 on behalf of each of those premium users, that request independently satisfies CAFA's $5 million jurisdictional minimum.

**WHEREFORE**, Under Armour respectfully removes the State Action to this Court pursuant to 28 U.S.C. § 1441(b).

DATED: May 15, 2018          **HUNTON ANDREWS KURTH LLP**

By:   /s/ Ann Marie Mortimer
      Ann Marie Mortimer
      Attorneys for Defendant
      UNDER ARMOUR, INC.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627