# EXHIBIT A

04/18/18

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** UNDER ARMOUR, INC.
*(AVISO AL DEMANDADO):*

a Maryland corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** REBECCA ELIZABETH MURRAY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

individually and on behalf of all others similarly situated,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 04 2018

Sherri R. Carter, Executive Officer/clerk

By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles Superior Court - Central Div.; Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>BC 700750 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

THOMAS V. GIRARDI, ESQ. - GIRARDI & KEESE - 1126 Wilshire Blvd., Los Angeles CA, 90017 Tel: (213) 977-0211 Fax: (213) 481-1554

| DATE:<br>*(Fecha)* | APR 04 2018 | Clerk, by<br>*(Secretario)* | SHAUNYA BOLDEN | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   UNDER  ARMOUR , INC.

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>~THOMAS V. GIRARDI, ESQ. (SBN: 36603)<br>Girardi & Keese<br>1126 Wilshire Boulevard<br>Los Angeles, California 90017-1904<br>TELEPHONE NO: (213) 977-0211      FAX NO: (213) 481-1554<br>ATTORNEY FOR *(Name):* Plaintiff Rebecca Murray and others similarly situated | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 04 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Shaunya Bolden, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse - Central Div.

CASE NAME:
Solis v. Sodexo, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited**<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 7 0 0 7 5 0<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* Seven (07)

5. This case ☑ is ☐ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2015
KEITH GRIFFIN, ESQ.
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

EXHIBIT A, PAGE 9

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
Employment
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
Real Property
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
Unlawful Detainer
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
Judicial Review
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
Enforcement of Judgment
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
Miscellaneous Civil Complaint
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
Miscellaneous Civil Petition
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

## CIVIL CASE COVER SHEET

EXHIBIT A, PAGE 10

| SHORT TITLE: Murray v. Under Amour, Inc. | CASE NUMBER BC 7 0 0 7 5 0 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 30    ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT A, PAGE 11

| SHORT TITLE: Murray v. Under Amour, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

EXHIBIT A, PAGE 12

| SHORT TITLE: Murray v. Under Amour, Inc. | CASE NUMBER |
|---|---|

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.0<br>Page 3 of 4

EXHIBIT A, PAGE 13

| SHORT TITLE: Murray v. Under Amour, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 100 Citadel Dr Space 648 |
|---|---|
| ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Commerce | STATE: CA | ZIP CODE: 90040 |
|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: April 02, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT A, PAGE 14

1 | THOMAS V. GIRARDI, (SBN: 36603)
KEITH D. GRIFFIN, (SBN: 204388)
2 | **GIRARDI | KEESE**
1126 WILSHIRE BOULEVARD
3 | LOS ANGELES CALIFORNIA 90017
Telephone: (213) 977-0211
4 | Facsimile: (213) 481-1554

5 | EBBY S. BAKHTIAR, ESQ. (SBN: 215032)
**LIVINGSTON • BAKHTIAR.**
6 | 3435 WILSHIRE BOULEVARD, SUITE 1669
Los ANGELES, CALIFORNIA 90010
7 | TEL: (213) 632-1550
FAX: (213) 632-3100
8 |
Attorneys for Plaintiff and the Putative Class
9 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 04 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12 |

13 |

**BC 7 0 0 7 5 0**

REBECCA ELIZABETH MURRAY,
14 | individually and on behalf of all others
similarly situated,
15 |
Plaintiff,
16 |
17 | v.
18 | UNDER ARMOUR, INC., a Maryland
corporation; and DOES 1 through 100,
19 | inclusive,
20 |
Defendants.
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**CLASS ACTION COMPLAINT**

1. BREACH OF IMPLIED CONTRACT
2. NEGLIGENCE
3. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200 - UNLAWFUL BUSINESS PRACTICES
4. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 UNFAIR BUSINESS PRACTICES
5. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §17200 FRAUDULENT/DECEPTIVE BUSINESS PRACTICES
6. CONSTITUTIONAL INVASION OF PRIVACY
7. NEGLIGENCE *PER SE*
8. BREACH OF COVENANT OF DUTY OF GOOD FAITH AND FAIR DEALING
9. VIOLATION OF STATE DATA BREACH ACTS

**JURY TRIAL DEMANDED**

EXHIBIT A, PAGE 15

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLAINTIFF alleges, upon information and belief, based upon the investigation made by and through her attorneys, except those allegations relating to Plaintiff and her attorneys, which are alleged upon knowledge, as follows

### CLASS ACTION COMPLAINT

Rebecca Murray ("Plaintiff"), both individually and on behalf of all others similarly situated ("California Class" and "National Class"), alleges the following:

### I.   NATURE OF THE ACTION

1. . Under Armour, Inc. (hereinafter "UA" "Under Armour" or "Defendant") was founded on or around 1996 and operates globally including in all 50 states OF the United States of America. UA had around $5.0 Billion in revenue in 2017. UA manufactures sports related apparel and, relevant to this case, owns and operates the MyFitnessPal and MapmyFitness applications ("apps") and websites as well as related apps and websites. On or around 2013, UA began to offer subscriptions through the MyFitnessPal app and website. UA also collects credit/debit numbers from its users in order for those users to access premium features of these website(s) and app(s). For example, users would pay a premium for priority customer support and a no ad experience, among other features. On or around March 25, 2018, UA learned that an estimated 150 million consumers' private personal and financial information was obtained by an unauthorized third party in one of the largest data breaches to date. On information and belief, it is believed this data breach happened on or around February 2018.

2. Plaintiff, both individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against UA for their reckless and negligent violations of customer privacy rights. Plaintiff and Class Members are former customers who entrusted Under Armour with their financial information, email address and passwords.

3. Plaintiff and Class Members suffered injury. The security breach compromised email addresses, passwords, and on information and belief, full names, addresses, credit/debit card numbers, and other Private Identifiable Information ("PII").

EXHIBIT A, PAGE 16

1    PII compromised, have had their privacy rights violated, have been exposed to the risk of fraud and

2    identify theft, and have otherwise suffered damages.

## II.    PARTIES

4    5.    At all times relevant to this action, named Plaintiff, Rebecca E. Murray, is and was, a

5    resident of Los Angeles County, State of California.

6    6.    Plaintiff brings this action on her own behalf and on behalf of all others similarly

7    situated, namely all other individuals who have entrusted UA with their PII, expecting Under Armour

8    to protect that data.

9    7.    Upon information and belief, Defendant UA is a Maryland corporation, doing

10    substantial business in California with one of its California addresses listed as 135 Townsend Street,

11    San Francisco, CA 94107.

12    8.    The true names and/or capacities, whether individual, corporate, associate or otherwise,

13    of Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who

14    therefore sue said Defendants by such fictitious names. Plaintiff are informed and believe, and upon

15    such information and belief allege, that each of the Defendants fictitiously named herein as a Doe is

16    legally responsible, negligently or in some other actionable manner, for the events and happenings

17    hereinafter referred to, and proximately caused the injuries and damages to Plaintiff hereinafter

18    alleged. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and/or

19    capacities of such fictitiously named Defendants when the same have been ascertained.

20    9.    Plaintiff is informed and believes and thereupon alleges, that at all times

21    mentioned herein, Defendants, and each of them, including Does 1 through 100, were the agents,

22    servants, employees and/or joint ventures of their co-Defendants, and were, as such, acting within

23    the course, scope and authority of said agency, employment and/or joint venture, and that each and

24    every Defendants, as aforesaid, when acting as a principal, was negligent in the selection and

25    hiring of each and every Defendants as an agent, employee and/or joint venturers.

26    ///

27    ///

28    ///

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 17

### III.    JURISDICTION AND VENUE

10.    This is brought as a class action to remedy violations of California law by Defendant Under Armour. This Court has jurisdiction over this action because it is a class action and the amount in controversy is in excess of the jurisdictional minimum of this Court.

11.    Specifically, Defendant engaged in substantial marketing, advertising, promotion, and selling of Under Armour services throughout California. This Court has personal jurisdiction over Defendant because of the business they conduct in California and thus has sufficient minimum contacts.

12.    The Court also has personal jurisdiction over the Parties because Under Armour conducts a major part of their national operations with regular and continuous business activity in California, on information and belief, through its website both not exceeded in other jurisdictions throughout the United States.

13.    Venue is proper in Los Angeles County pursuant to *Section 395(a)* of the *Code of Civil Procedure*. Defendant conducts business in Los Angeles, many of the acts giving rise to the violations complained of occurred in Los Angeles County, and because Plaintiff resides in Los Angeles County.

### IV.    SUBSTANTIVE ALLEGATIONS

*A.    The Data Breach Unravels*

14.    Under Armour owns and operates the MyfitnessPal and MapMyFitness apps for mobile phone and internet websites as well as other related apps and websites. The general purpose of these app(s) and website(s) is to give users ability to meet physical fitness goals and/or to track information regarding their health: These website(s) and app(s) require a user to enter their electronic mail address, create a password to use the apps and websites. UA also collects credit/debit numbers from its users in order for those users to access premium features of these website(s) and app(s). For example, users would pay a premium for priority customer support and a no ad experience, among other features.

15.    On March 25, 2018 a major cybersecurity breach was discovered by Under Armour. Defendant Under Armour disclosed that hackers gained access to sensitive personal data for up to 150 million Americans, including their PII as defined above.

16.    UA has not disclosed more details about the hack.

4

1    17.    UA's stock has dropped considerably on the news of the data breach.

2    18.    Consumers, including Plaintiff and Class Members, paid substantial premiums for

3  Under Armour services and trusted UA with their sensitive data.

4  **B.    Stolen Information Is Valuable to Hackers and Thieves**

5    19. It is well known, and the subject of many media reports, that payment card data is highly

6  coveted and a frequent target of hackers. Especially in the technology industry, the issue of data

7  security and threats thereto, is well known. Despite well-publicized litigation and frequent public

8  announcements of data breaches, Under Armour opted to maintain an insufficient and inadequate

9  system to protect the payment information of Plaintiff and Class Members. Private Identifiable

10  Information is also highly coveted and a frequent target of hackers. Despite well-publicized litigation

11  and frequent public announcements of data breaches, Under Armour and its affiliates opted to

12  maintain an insufficient and inadequate system to protect the PII of Plaintiff and Class Members.

13    20.    UA negligently and recklessly put Plaintiff's and Class Members PII at risk and the PII,

14  on information and belief, was actually stolen.

15    21.    Legitimate organizations and the criminal underground alike recognize the value of PII.

16  Otherwise, they would not aggressively seek or pay for it. As previously seen in one of the world's

17  largest breaches, hackers compromised the card holder data of 40 million customers.

18    22.    Credit or debit card information is highly valuable to hackers. Credit and debit card

19  information that is stolen from the point of sale are known as "dumps." Credit and debit card dumps

20  can be sold in the cybercrime underground for a retail value of about "$20 apiece." This information

21  can also be used to clone a debit or credit card.

22  **C.    The Data Breach Has and Will Result in Additional Identity Theft and Identity Fraud**

23    23.    Under Armour failed to implement and maintain reasonable security procedures and

24  practices appropriate to the nature and scope of the information compromised in the data breach.

25    24.    The ramification of Under Armour's failure to keep Plaintiff and Class Members' data

26  secure is severe.

27    25.    According to Javelin Strategy and Research, "one in every three people who is notified

28  of being a potential fraud victim becomes one . . . with 46% of consumers who had cards breached

1    becoming fraud victims that same year." "Someone Became an Identity Theft Victim Every 2

2    Seconds Last Year," Fox Business, Feb. 5, 2014 *available* at http://www.foxbusiness.com/personal-

3    finance/2014/02/05/someone-became-identitytheft-victim-every-2-seconds-last-year.html

4      26.    It is incorrect to assume that reimbursing a consumer for a financial loss due to fraud

5    makes that individual whole again. On the contrary, after conducting a study, the Department of

6    Justice's Bureau of Justice Statistics ("BJS") found that "among victims who had personal information

7    used for fraudulent purposes, 29% spent a month or more resolving problems." *See* "Victims of

8    Identity      Theft,"      U.S.      Department    of      Justice,      Dec      2013,      *available*    *at*

9    https://www.bjs.gov/content/pub/pdf/vit12.pdf. In fact, the BJS reported, "resolving the problems

10    caused by identity theft [could] take more than a year for some victims."

11   **D.**      *Annual Monetary Losses from Identity Theft are in the Billions of Dollars*

12      27.    Javelin Strategy and Research reports that those losses increased to $21 billion in

13    2013. *See* 2013 Identity Fraud Report. There may be a time lag between when harm occurs and when

14    it is discovered, and also between when PII is stolen and when it is used. According to the U.S.

15    Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

16      [L]aw enforcement officials told us that in some cases, stolen data may be held for

17      up to a year or more before being used to commit identity theft. Further, once

18      stolen data have been sold or posted on the Web, fraudulent use of that information
       may continue for years. As a result, studies that attempt to measure the harm

19      resulting from data breaches cannot necessarily rule out all future harm. GAO,
       Report to Congressional Requesters, at 33 (June 2007), *available* at

20      http://www.gao.gov/new.items/d07737.pdf (attached hereto as Exhibit I)

21      28.    Plaintiff and Class Members now face years of constant surveillance of their financial

22    and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur

23    such damages in addition to any fraudulent credit and debit card charges incurred by them and the

24    resulting loss of use of their credit and access to funds, whether or not such charges are ultimately

25    reimbursed by the credit card companies.

26   **E.**      *Plaintiff and Class Members Suffered Damages*

27      29.    The data breach was a direct and proximate result of Under Armour's failure to

28    properly safeguard and protect Plaintiff and Class Members' PII from unauthorized access, use, and

EXHIBIT A, PAGE 20

1 | disclosure, as required by various state and federal regulations, industry practices, and the common

2 | law, including Under Armour's failure to establish and implement appropriate administrative,

3 | technical, and physical safeguards to ensure the security and confidentiality of Plaintiff and Class

4 | Members' PII to protect against reasonably foreseeable threats to the security or integrity of such

5 | information.

6 |  30.  Plaintiff and Class Members' PII is private and sensitive in nature and was

7 | inadequately protected by Under Armour. Under Armour did not obtain Plaintiff and Class Members'

8 | consent to disclose their PII, except to certain persons not relevant to this action, as required by

9 | applicable law and industry standards.

10 |  31.  As a direct and proximate result of Under Armour's wrongful action and inaction and

11 | the resulting data breach, Plaintiff and Class Members have been placed at an imminent, immediate,

12 | and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the

13 | time and effort to mitigate the actual and potential impact of the subject data breach on their lives by,

14 | among other things, placing "freezes" and "alerts" with credit reporting agencies, contacting their

15 | financial institutions, closing or modifying financial accounts, and closely reviewing and monitoring

16 | their credit reports and accounts for unauthorized activity.

17 |  32.  Under Armour's wrongful actions and inaction directly and proximately caused the

18 | theft and dissemination into the public domain of Plaintiff and Class Members' PII, causing them to

19 | suffer, and continue to suffer, economic damages and other actual harm for which they are entitled to

20 | compensation, including:

21 |  a.  Theft of their PII, including on information and belief actual theft of credit/debit card

22 | numbers;

23 |  b.  The imminent and certainly impending injury flowing from potential fraud and identity

24 | theft posed by their PII being placed in the hands of criminals and already misused via

25 | the sale of Plaintiff and Class Members' information on the Internet black market;

26 |  c.  The untimely and inadequate notification of the data breach;

27 |  d.  The improper disclosure of their PII;

28 |  e.  Loss of privacy;

**7**

f.   Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate the effects of the data breach;

g.   Ascertainable losses in the form of deprivation of the value of their PII, for which there is a well-established national and international market;

h.   Overpayments to Under Armour for credit reporting services during the subject data breach in that a portion of the price paid for such services by Plaintiff and Class Members to Under Armour was for the costs of reasonable and adequate safeguards and security measures that would protect customers' PII, which Under Armour did not implement and, as a result, Plaintiff and Class Members did not receive what they paid for and by Under Armour; and

i.   Deprivation of rights they possess under the Unfair Competition Laws.

### V.   CLASS ACTION ALLEGATIONS

33.   Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to *California Civil Code § 1781* (hereinafter, "The Class"). The Class is composed of:

> All persons residing in California whose PII was disclosed in the data breach in 2017-2018 (the "California Class").
>
> All persons residing Nationwide whose PII was disclosed in the data breach in 2017-2018 (the "Nationwide Class") (Collectively referred to as "The Class")

34.   Plaintiff does not know the exact number of members of The Class, since that information is within the exclusive control of Defendants. But, the members of The Class are believed to be in the millions. The Class is so numerous that joinder of all members is impracticable.

35.   The Plaintiff and the members of The Class share a community of interest, as they all have a same or similar claim arising from the same or similar wrongful actions and omissions of Defendants, and each of them.

37. There are questions of law and/or fact common to The Class, which are substantially similar and predominate over the questions affecting the individual members. The claims and/or defenses of the representative Plaintiff are typical of the claims and/or defenses of

8

1   The Class and all are based upon the same legal theories. The representative Plaintiff will fairly

2   and adequately protect the interests of The Class. The Class Action is an appropriate method for

3   the fair and efficient adjudication of the controversy.

4          38.    Plaintiff can and will fairly and adequately represent the interests of The

5   Class through Plaintiff's attorneys, who are competent and qualified to prosecute this litigation.

6          39.    A class action is an appropriate method for the fair and efficient adjudication

7   of this controversy.

8                                    **COUNT I**

9                          **Breach of Written Contract**

10                       (On Behalf of Plaintiff and The Class)

11         40.    Plaintiff incorporates the substantive allegations contained in each and every paragraph

12   of this Complaint.

13         41.    Under Armour solicited and invited Plaintiff and the members of the Class to entrust

14   Under Armour with their PII as defined above.

15         42.    When Plaintiff and Class Members used Under Armour's services, they provided their

16   Private Identifiable Information. In so doing, Plaintiff and Class Members entered into a contracts

17   with Under Armour pursuant to which Under Armour agreed to safeguard and protect such

18   information and to timely and accurately notify Plaintiff and Class Members if their data had been

19   breached and compromised. Specifically, UA's privacy policy states under the section "information

20   security:

21         Under Armour is committed to protecting the security of your Personal Data. We use technical

22         and organizational measures designed to protect your information against unauthorized access,

23         theft, and loss. We also recommend that you take additional measures to protect yourself and

24         your information, such as installing anti-virus software, closing browsers after use, keeping

25         confidential your log-in credentials and passwords, and making sure that you regularly update

26         software and apps you have downloaded to ensure you have enabled the latest security

27         features on your devices.

28         43.    Personal data and financial information provided to Under Armour by Plaintiff and

                                         9

1  Class Members was provided pursuant to the mutually agreed-upon contract with Under Armour
2  under which Under Armour agreed to safeguard and protect Plaintiff and Class Members' Private
3  Identifiable Information and to timely and accurately notify them if such information was
4  compromised or stolen.

5      44.    Plaintiff and Class Members would not have provided and entrusted their Private
6  Identifiable Information to Under Armour in the absence of the contract between them and Under
7  Armour.

8      45.    Plaintiff and Class Members fully performed their obligations under the implied
9  contracts with Under Armour.

10      46.    Under Armour breached the contracts it made with Plaintiff and Class Members by
11  failing to safeguard and protect the Private Identifiable Information of Plaintiff and Class Members
12  and by failing to provide timely and accurate notice to them that their Private Identifiable Information
13  was compromised as a result of the data breach.

14      47.    As a direct and proximate result of Under Armour's breaches of the contracts between
15  Under Armour and Plaintiff and Class Members, Plaintiff and Class Members sustained actual losses
16  and damages as described in detail above.

17                          **COUNT II**
18                          Negligence
19              (On Behalf of Plaintiff and The Class)

20      48.    Plaintiff repeats and fully incorporates the allegations contained in each and every
21  paragraph of this Complaint.

22      49.    Upon accepting Plaintiff and Class Members' Private Identifiable Information in their
23  system, Under Armour undertook and owed a duty to Plaintiff and Class Members to exercise
24  reasonable care to secure and safeguard that information from being compromised, lost, stolen,
25  misused, and or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to
26  do so. This duty included, among other things, designing, maintaining, and testing Under Armour's
27  security systems to ensure that Plaintiff and the Class Members' PII was adequately secured and
28  protected.

50.   Under Armour further had a duty to implement processes that would detect a breach of its security system in a timely manner.

51.   Under Armour also had a duty to timely disclose to Plaintiff and Class Members that their Private Identifiable Information had been or was reasonably believed to have been compromised. Timely disclosure was appropriate so that, among other things, Plaintiff and Class Members could take appropriate measures to avoid use of bank funds, and monitor their account information and credit reports for fraudulent activity.

52.   Under Armour breached its duty to discover and to notify Plaintiff and Class Members of the unauthorized access by failing to discover the security breach within reasonable time and by failing to notify Plaintiff and Class Members of the breach timely. To date, Under Armour has not provided sufficient information to Plaintiff and Class Members regarding the extent and scope of the unauthorized access and continues to breach its disclosure obligations to Plaintiff and the Class.

53.   Under Armour also breached its duty to Plaintiff and Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured Private Identifiable Information.  Furthering its negligent practices, Under Armour failed to provide adequate supervision and oversight of the Private Identifiable Information with which it is entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted a third party to gather Plaintiff's and Class Members' Private Identifiable Information, misuse the Private Identifiable Information, and intentionally disclose it to others without consent.

54.   Through Under Armour's acts and omissions described in this Complaint, including Under Armour's failure to provide adequate security and its failure to protect Plaintiff and Class Members' Private Identifiable Information from being foreseeably captured, accessed, disseminated, stolen, and misused, Under Armour unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiff and Class Members' Private Identifiable Information during the time it was within Under Armour's control.

55.   Further, through its failure to timely discover and provide clear notification of the data breach to consumers, Under Armour prevented Plaintiff and Class Members from taking meaningful,

11

1   proactive steps to secure their Private Identifiable Information.

2       56.   Upon information and belief, Under Armour improperly and inadequately safeguarded
3   the Private Identifiable Information of Plaintiff and Class Members in deviation from standard
4   industry rules, regulations, and practices at the time of the data breach.

5       57.   Under Armour's failure to take proper security measures to protect Plaintiff and Class
6   Members' sensitive PII as described in this Complaint, created conditions conducive to a foreseeable,
7   intentional criminal act, namely the unauthorized access of Plaintiff and Class Members' Private
8   Identifiable Information.

9       58.   Under Armour's conduct was grossly negligent and departed from all reasonable
10  standards of care, including, but not limited to: failing to adequately protect the Private Identifiable
11  Information; failing to conduct adequate regular security audits; failing to provide adequate and
12  appropriate supervision of persons having access to Plaintiff and Class Members' Private Identifiable
13  Information.

14      59.   Neither Plaintiff nor the other Class Members contributed to the data breach and
15  subsequent misuse of their Private Identifiable Information as described in this Complaint. As a direct
16  and proximate result of Under Armour's negligence, Plaintiff and Class Members sustained actual
17  losses and damages as described in detail above.

18                              **COUNT III**

19  **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code § 17200 Unlawful**
20                          **Business Practices**

21                  **(On Behalf of Plaintiff and The Class)**

22      60.   Plaintiff repeats and fully incorporates the allegations contained in each and every
23  allegation of this Complaint.

24      61.   Under Armour has violated Cal. Bus. and Prof. Code §17200 et seq. by engaging in
25  unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading
26  advertising that constitute acts of "unfair competition" as defined in Cal. Bus. Prof. Code §17200.
27  Under Armour engaged in unlawful acts and practices with respect to its services by establishing the
28  sub-standard security practices and procedures described herein; by soliciting and collecting Plaintiff's

1  and Class Members' Private Identifiable Information with knowledge that the information would not

2  be adequately protected; and by gathering Plaintiff's and Class Members' Private Identifiable

3  Information in an unsecure electronic environment in violation of California's data breach statute, Cal.

4  Civ. Code § 1798.81.5, which requires Under Armour to take reasonable methods of safeguarding the

5  Private Identifiable Information of Plaintiff and the Class Members.

6      62.     In addition, Under Armour engaged in unlawful acts and practices with respect to its

7  services by failing to discover and then disclose the data breach to Plaintiff and Class Members in a

8  timely and accurate manner, contrary to the duties imposed by Cal. Civ. Code § 1798.82.  To date,

9  Under Armour has still not provided such sufficient information to Plaintiff and the Class Members.

10     63.     As a direct and proximate result of Under Armour's unlawful acts and practices,

11  Plaintiff and the Class Members were injured and lost money or property, including but not limited to

12  the loss of their legally protected interest in the confidentiality and privacy of their Private Identifiable

13  Information, and additional losses described above.

14     64.     Under Armour knew or should have known that its system had been breached and data

15  security practices were inadequate to safeguard Class Members' Private Identifiable Information and

16  that the risk of a data breach or theft was highly likely.  Under Armour's actions in engaging in the

17  above-named unlawful practices and acts were negligent, knowing and willful, and/or wanton and

18  reckless with respect to the rights of Class Members.

19     65.     Plaintiff and members of the Class seek relief under Cal. Bus. & Prof. Code § 17200,

20  *et. seq.*, including, but not limited to, restitution to Plaintiff and Class Members of money or property

21  that Under Armour may have acquired by means of its unlawful, and unfair business practices,

22  restitutionary disgorgement of all profits accruing to Under Armour because of its unlawful and unfair

23  business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §

24  1021.5), and injunctive or other equitable relief.

25                                    **COUNT IV**

26  **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200 Unfair**

27                            **Business Practices**

28                      **(On Behalf of Plaintiff and The Class)**

1    66.  Plaintiff repeats and fully incorporates the allegations contained in each and every

2  allegation of this Complaint.

3    67.  Under Armour engaged in unfair acts and practices by soliciting and collecting

4  Plaintiff's and Class Members' Private Identifiable Information with knowledge that the information

5  would not be adequately protected; while Plaintiff's and the Class Members' Private Identifiable

6  Information would be processed in an unsecure electronic environment.  These unfair acts and

7  practices were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially

8  injurious to Plaintiff and the Class Members.  They were likely to deceive the public into believing

9  their Private Identifiable Information was secure, when it was not.  The harm these practices caused to

10  Plaintiff and the members of the Class outweighed their utility, if any.

11    68.  Under Armour engaged in unfair acts and practices with respect to the provision of its

12  services by failing to enact adequate privacy and security measures and protect Class Members'

13  Private Identifiable Information from further unauthorized disclosure, release, data breaches, and theft,

14  and failing to timely discovery and give notice of the Data Breach.  These unfair acts and practices

15  were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to

16  Plaintiff and Class Members. They were likely to deceive the public into believing their Private

17  Identifiable Information was secure, when it was not.  The harm these practices caused to Plaintiff and

18  the Class Members outweighed their utility, if any.

19    69.  As a direct and proximate result of Under Armour's acts of unfair practices and acts,

20  Plaintiff and the members of the Class were injured and lost money or property, including but not

21  limited to the loss of their legally protected interest in the confidentiality and privacy of their PII, and

22  additional losses described above.

23    70.  Under Armour knew or should have known that its systems and data security practices

24  were inadequate to safeguard Class Members' Private Identifiable Information and that the risk of a

25  data breach or theft was highly likely.  Under Armour's actions in engaging in the above-named

26  unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with

27  respect to the rights of the Class Members.

28    71.  The members of the Class seek relief under Cal. Bus. & Prof. Code § 17200, *et.*

1  *seq.*, including, but not limited to, restitution to Plaintiff and Class Members of money or property

2  that the Under Armour may have acquired by means of its unfair business practices, restitutionary

3  disgorgement of all profits accruing to Under Armour because of its unfair business practices,

4  declaratory relief, attorney's fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5), and

5  injunctive or other equitable relief.

6                                      **COUNT V**

7       **Violation of California's Unfair Competition Law Cal. Bus. & Prof. Code §17200**

8                           **Fraudulent/Deceptive Business Practices**

9                              (On Behalf of Plaintiff and the Class)

10      72.    Plaintiff repeats and fully incorporates the allegations contained in each and every

11  allegation of this Complaint.

12      73.    Under Armour engaged in fraudulent and deceptive acts and practices by representing

13  and advertising that it would maintain adequate data privacy and security practices and procedures to

14  safeguard Plaintiff's and the Class Members' Private Identifiable Information from unauthorized

15  disclosure, release, data breaches, and theft; and representing and advertising that it did and would

16  comply with the requirements of relevant federal and state laws pertaining to the privacy and security

17  of the members of the Class' Private Identifiable Information. These representations were likely to

18  deceive members of the public, including Plaintiff and Class Members, into believing their Private

19  Identifiable Information was securely stored, when it was not, and that Under Armour was complying

20  with relevant law, when it was not.

21      74.    Under Armour engaged in fraudulent and deceptive acts and practices by omitting,

22  suppressing, and concealing the material fact of the inadequacy of the privacy and security

23  protections for Class Members' Private Identifiable Information. At the time that Class Members

24  were using Under Armour's system, Under Armour failed to disclose to Class Members that its

25  data security systems failed to meet legal and industry standards for the protection of their Private

26  Identifiable Information. Plaintiff would not have entrusted Under Armour with their private

27  information if they had known about its substandard data security practices. These representations

28  were likely to deceive members of the public, including Plaintiff and the Class Members, into

1  believing their Private Identifiable Information was secure, when it was not, and that Under

2  Armour was complying with relevant law and industry standards, when it was not.

3      75.    As a direct and proximate result of Under Armour's deceptive practices and acts,

4  Plaintiff and the Class Members were injured and lost money or property, including but not

5  limited to the loss of their legally protected interest in the confidentiality and privacy of their

6  Private Identifiable Information, and additional losses described above.

7      76.    Under Armour knew or should have known that its system and data security

8  practices were inadequate to safeguard Class Members' PII and that the risk of a data breach or

9  theft was highly likely.  Under Armour's actions in engaging in the above-named unlawful

10  practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to

11  the rights of Class Members.

12      77.    Class Members seek relief under Cal. Bus. & Prof. Code § 17200, *et. seq.*,

13  including, but not limited to, restitution to Plaintiff and Class Members of money or property that

14  Under Armour may have acquired by means of its fraudulent and deceptive business practices,

15  restitutionary disgorgement of all profits accruing to Under Armour because of its fraudulent and

16  deceptive business practices, declaratory relief, attorney's fees and costs (pursuant to Cal. Code

17  Civ. Proc. §1021.5), and injunctive or other equitable relief.

18  **COUNT VI**

19  **Constitutional Invasion of Privacy**

20  (On Behalf of Plaintiff and The Class)

21      78.    Plaintiff repeats and fully incorporates the allegations contained in each and every

22  allegation of this Complaint.

23      79.    Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature free and

24  independent and have inalienable rights. Among these are enjoying and defending life and liberty,

25  acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and

26  privacy."

27      80.    Plaintiff and Class members had a legally protected privacy interest in the Private

28  Identifiable Information provided to Under Armour.

16
CLASS ACTION COMPLAINT

1.   81.   Plaintiff and Class Members had a reasonable expectation of privacy as to the

2   Private Identifiable Information they provided to Under Armour under the circumstances of their

3   purchases.

4   82.   Under Armour's actions and inactions amounted to a serious invasion of the

5   protected privacy interests of Plaintiff and Class Members.

6   83.   Under Armour's invasion of Plaintiff and Class Members' reasonable expectation of

7   privacy caused Plaintiff and Class members to suffer damages.

8   **COUNT VII**

9   **Negligence *Per Se***

10   (On Behalf of Plaintiff and The Class)

11   84.   Plaintiff repeats and fully incorporates the allegations contained in each and every

12   allegation of this Complaint.

13   85.   Pursuant to state laws in California, Under Armour had a duty to those California

14   Class Members to implement and maintain reasonable security procedures and practices to

15   safeguard Plaintiff and Class Members' Personal Information:

16   a.   California: Cal Civ. Code § 1798.81.5

17   86.   Under Armour breached their duties to Plaintiff and California Class Members as

18   established under Cal Civ. Code § 1798.81.5 by failing to provide fair, reasonable, or adequate

19   computer systems and data security practices to safeguard Plaintiff and Class Members' Personal

20   Information.

21   87.   Under Armour's failure to comply with applicable laws and regulations constitutes

22   negligence *per se*.

23   88.   But for Under Armour's wrongful and negligent breach of their duties owed to

24   Plaintiff and California Class Members, Plaintiff and California Class Members would not have

25   been injured.

26   89.   The injury and harm suffered by Plaintiff and California Class Members was the

27   reasonably foreseeable result of Under Armour's breach of their duties. Under Armour knew or

28   should have known that they were failing to meet their duties, and that Under Armour's breach

17

EXHIBIT A, PAGE 31

1 │ would cause Plaintiff and California Class Members to experience the foreseeable harms

2 │ associated with the exposure of their Personal Information.

3 │     90.    As a direct and proximate result of Under Armour's negligent conduct, Plaintiff and

4 │ Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

5 │                                    **COUNT VIII**

6 │             **Breach of the Covenant of Duty of Good Faith and Fair Dealing**

7 │                        (On Behalf of Plaintiff and The Class)

8 │     91.    Plaintiff repeats and fully incorporates the allegations contained in each and every

9 │ allegation of this Complaint.

10 │     92.    The law implies a covenant of good faith and fair dealing in every contract.

11 │     93.    Plaintiff and Class Members contracted with Defendant Under Armour by

12 │ accepting Defendant Under Armour's services.

13 │     94.    Plaintiff and Class Members performed all of the significant duties under their

14 │ agreements with Defendant Under Armour.

15 │     95.    The conditions required for Defendant Under Armour's performance under the

16 │ contract has occurred.

17 │     96.    Defendant Under Armour did not provide and/or unfairly interfered with and/or

18 │ frustrated the right of Plaintiff and the Class Members to receive the full benefits under their

19 │ agreement.

20 │     97.    Under Armour breached the covenant of good faith and fair dealing implied in its

21 │ contracts with Plaintiff and the Class Members by failing to use and provide reasonable and

22 │ industry-leading security practices.

23 │     98.    Plaintiff and the Class Members were damaged by Under Armour's breach in that

24 │ they paid for, but never received, the valuable security protections to which they were entitled, and

25 │ which would have made their products and services more valuable.

26 │                                    **COUNT IX**

27 │                    **Violation of State Data Breach Acts**

28 │                    (On Behalf of Plaintiff and The Class)

**18**

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 32

99. Plaintiff repeats and fully incorporates the allegations contained in each and every allegation of this Complaint.

100. Under Armour owns, licenses, and/or maintains computerized data that includes Plaintiff and Class Members' PII.

101. Under Armour was required to, but failed, to take all reasonable steps to dispose, or arrange for the disposal, of records within its custody or control containing PII when the records were no longer to be retained, by shredding, erasing, or otherwise modifying the personal information in those records to make it unreadable or undecipherable through any means.

102. Under Armour's conduct, as alleged above, violated the data breach statutes of California, including: California, Cal. Civ. Code §§ 1798.80 et. seq.;

103. Under Armour was required to, but failed, to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach.

104. The Data Breach constituted a "breach of the security system" within the meaning of section 1798.82(g) of the California Civil Code.

105. The information compromised in the Data Breach constituted "personal information" within the meaning of section 1798.80(e) of the California Civil Code.

106. Like other State Data Breach Acts, California Civil Code § 1798.80(e) requires disclosure of data breaches "in the most expedient time possible and without unreasonable delay . . ."

107. Under Armour violated Cal. Civ. Code § 1798.80(e) by unreasonably delaying disclosure of the Data Breach to Plaintiff and other Class Members, whose PII was, or was reasonably believed to have been, acquired by an unauthorized person.

108. Upon information and belief, no law enforcement agency instructed Under Armour that notification to Plaintiff and Class Members would impede a criminal investigation.

109. As a result of Under Armour's violation of State Data Breach Acts, including Cal. Civ. Code § 1798.80, et seq., Plaintiff and Class Members incurred economic damages, including expenses associated with monitoring their personal and financial information to prevent further

EXHIBIT A, PAGE 33

1   fraud.

2       110.    Plaintiff, individually and on behalf of the Class, seek all remedies available under

3   Cal. Civ. Code § 1798.84, including, but not limited to: (a) actual damages suffered by Class

4   Members as alleged above; (b) statutory damages for Under Armour's willful, intentional, and/or

5   reckless violation of Cal. Civ. Code § 1798.83; (c) equitable relief; and (d) reasonable attorneys'

6   fees and costs under Cal. Civ. Code §1798.84(g).

7       111.    Because Under Armour was guilty of oppression, fraud or malice, in that it failed to

8   act with a willful and conscious disregard of Plaintiff and Class Members'. rights, Plaintiff also

9   seeks punitive damages, individually and on behalf of the Class.

10                               **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff, individually and on behalf of all Class Members proposed in this

12   Complaint, respectfully·requests that the Court enter judgment in her favor and against Under

13   Armour as follows:

14   A.    For an Order certifying the National and California Class as defined here, and

15         appointing Plaintiff and her Counsel to represent the National and California Class;

16   B.    For equitable relief enjoining Under Armour from engaging in the wrongful

17         conduct complained of here pertaining to the misuse and/or disclosure of Plaintiff

18         and Class Members' Private Identifiable Information, and from refusing to issue

19         prompt, complete, and accurate disclosures to the Plaintiff and Class Members;

20   C.    For equitable relief compelling Under Armour to utilize appropriate methods and

21         policies with respect to consumer data collection, storage, and safety and to

22         disclose with specificity to Class Members the type of PII compromised.

23   D.    For equitable.relief requiring restitution and disgorgement of the

24         revenues wrongfully retained as a result of Under Armour's wrongful conduct;

25   E.    For an award of actual damages and compensatory damages, in an

26         amount to be determined;

27   F.    For an award of costs of suit and attorneys' fees, as allowable by law; and

28   G.    Such other and further relief as this court may deem just and proper.

1      E.      For Punitive Damages.

2

3    DATED:  April 2, 2018                  GIRARDI | KEESE

4

5                                    By:  _____

6                                          KEITH D. GRIFFIN, ESQ.
                                          Attorneys for PLAINTIFF
7

8

9

10                    VI.      DEMAND FOR JURY TRIAL

11          Plaintiff, on behalf of themselves, and all others similarly situated, hereby demands a jury

12    trial for all claims so triable.

13

14    DATED:  April 2, 2018                  GIRARDI | KEESE

15

16                                    By:  _____

17                                          KEITH D. GRIFFIN, ESQ.
                                          Attorneys for PLAINTIFF
18

19

20

21

22

23

24

25

26

27

28

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL - COMPLEX

Case Number _____

BC 700750

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 323 | 1707 | | | | |
| Hon. William F. Highberger | 322 | 1702 | | | | |
| Hon. John Shepard Wiley, Jr. | 311 | 1408 | | | | |
| Hon. Kenneth Freeman | 310 | 1412 | | | | |
| Hon. Ann Jones | 308 | 1415 | | | | |
| Hon. Maren E. Nelson | 307 | 1402 | | | | |
| Hon. Carolyn B. Kuhl | 309 | 1409 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | Hon. Steven J. Kleifield | 324 | CCW |
| | | | | *Provisional complex (non-class action) case assignment pending complex determination | 309 | Supervising Judge CCW |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

## NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

EXHIBIT A, PAGE 36

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT A, PAGE 37

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A, PAGE 39

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see Information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span>(INSERT DATE)</span> <span>(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      > _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date:

_____      > _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____      > _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____      > _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date:

_____      > _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date:

_____      > _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

Date:

_____      > _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

     a. The party requesting the Informal Discovery Conference will:

         i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

         ii. Include a brief summary of the dispute and specify the relief requested; and

         iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

     b. Any Answer to a Request for Informal Discovery Conference must:

         i. Also be filed on the approved form (copy attached);

         ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served· on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or·attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by ·agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant·to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

EXHIBIT A, PAGE 42

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A, PAGE 43

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | | |
| FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A, PAGE 45

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT A, PAGE 46

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

    In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

    - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

    - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

EXHIBIT A, PAGE 48

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

## Mandatory Settlement Conference (MSC)

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

GIRARDI | KEESE
THOMAS V. GIRARDI, State Bar No. 36603
tgirardi@girardikeese.com
KEITH D. GRIFFIN, State Bar No. 204388
kgriffin@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

LIVINGSTON * BAKHTIAR
EBBY S. BAKHTIAR, State Bar No. 215032
3435 Wilshire Boulevard, Suite 1669
Los Angeles, California 90017
Telephone: (213) 632-1550
Facsmile: (213) 632-3100

Attorneys for Plaintiff and the Putative Class

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| REBECCA ELIZABETH MURRAY, individually and on behalf of all others similarly situated,,<br><br>Plaintiff,<br><br>v.<br><br>UNDER ARMOUR, INC., a Maryland Corporation; and DOES 1 through 100, inclusive,,<br><br>Defendant. | Case No. BC700750<br>*The Honorable Ann I. Jones, Dept. SS11*<br><br>**NOTICE OF PEREMPTORY CHALLENGE AND 170.6 CCP REASSIGNMENT**<br><br>Action Filed:       April 4, 2018 |

PLEASE TAKE NOTICE that a Peremptory Challenge was filed pursuant to C.C.P., §170.6 and by order of the Supervising Judge, the Honorable Carolyn B. Kuhl, this case has been transferred to Department "SS17", Judge Ann I. Jones, located at 312 North Spring Street, Los Angeles, California, 90012, for all further proceedings.

///

///

NOTICE OF PEREMPTORY CHALLENGE AND 170.6 CCP REASSIGNMENT

1    Minute Order is attached as Exhibit A.

2   DATED:  May 3, 2018                    GIRARDI | KEESE

3

4                                          By: _____

5                                               THOMAS V. GIRARDI
                                                KEITH D. GRIFFIN
6                                               Attorneys for Plaintiff and the Putative Class

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 04/18/18 | | DEPT. SS17 |
|---|---|---|
| HONORABLE MAREN E. NELSON | JUDGE N. NAVARRO | DEPUTY CLERK |
| HONORABLE #4 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. JONES, C.A. | Deputy Sheriff NONE | Reporter |

| BC700750 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|
| REBECCA ELIZABETH MURRAY VS UNDER ARMOUR INC | Defendant Counsel | |

RECEIVED

APR 2 3 2018

## NATURE OF PROCEEDINGS:

PEREMPTORY CHALLENGE

GIRARDI KEESE

A Peremptory Challenge under Section 170.6 of the
Code of Civil Procedure was filed against Judge
Maren E. Nelson by Plaintiff on April 11, 2018.

The Court finds that it was timely filed, in proper
format, and is accepted.

At the direction of the Supervising Judge of Complex,
Hon. Carolyn B. Kuhl, the case is reassigned for
all purposes to Judge Ann I. Jones in Department SS11,
located in the Spring Street Courthouse.

Any previously scheduled matters in this Department
are hereby ordered ADVANCED to this date and VACATED,
subject to resetting in the newly assigned Department.

Counsel for Plaintiff/Moving Party is hereby ordered
to give notice to all parties.


### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this

Page   1 of  2    DEPT. SS17

MINUTES ENTERED
04/18/18
COUNTY CLERK

05/04/18

1   GIRARDI | KEESE
    THOMAS V. GIRARDI, State Bar No. 36603
2   tgirardi@girardikeese.com
    KEITH D. GRIFFIN, State Bar No. 204388
3   kgriffin@girardikeese.com
    1126 Wilshire Boulevard
4   Los Angeles, California 90017
    Telephone: (213) 977-0211
5   Facsimile: (213) 481-1554

6   LIVINGSTON * BAKHTIAR
    EBBY S. BAKHTIAR, State Bar No. 215032
7   3435 Wilshire Boulevard, Suite 1669
    Los Angeles, California 90017
8   Telephone: (213) 632-1550
    Facsmile: (213) 632-3100

9
    Attorneys for Plaintiff and the Putative Class
10

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                   COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13

14
    REBECCA ELIZABETH MURRAY,              Case No. BC700750
15  individually and on behalf of all others   *The Honorable Ann I. Jones,*
    similarly situated,,                     *Dept. SS11*
16
            Plaintiff,
17                                           NOTICE OF PEREMPTORY
        v.                                   CHALLENGE AND 170.6 CCP
18                                           REASSIGNMENT
    UNDER ARMOUR, INC., a Maryland
19  Corporation; and DOES 1 through 100,
    inclusive,,                              Action Filed:      April 4, 2018
20
            Defendant.
21

22
23        PLEASE TAKE NOTICE that a Peremptory Challenge was filed pursuant to

24  C.C.P., §170.6 and by order of the Supervising Judge, the Honorable Carolyn B. Kuhl, this

25  case has been transferred to Department "SS17", Judge Ann I. Jones, located at 312 North

26  Spring Street, Los Angeles, California, 90012, for all further proceedings.

    ///
27
    ///
28

    ─────────────────────────────────────────────
         NOTICE OF PEREMPTORY CHALLENGE AND 170.6 CCP REASSIGNMENT
                                          EXHIBIT A, PAGE 55

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/18/18                                                    DEPT. SS17

HONORABLE MAREN E. NELSON        JUDGE   N. NAVARRO      DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
#4
         C. JONES, C.A.    Deputy Sheriff   NONE              Reporter

---

BC700750                      Plaintiff
                              Counsel
REBECCA ELIZABETH MURRAY                   NO APPEARANCES
VS                            Defendant
UNDER ARMOUR INC              Counsel

                                          RECEIVED

                                          APR 2 3 2018

NATURE OF PROCEEDINGS:
                                          GIRARDI KEESE
PEREMPTORY CHALLENGE

A Peremptory Challenge under Section 170.6 of the
Code of Civil Procedure was filed against Judge
Maren E. Nelson by Plaintiff on April 11, 2018.

The Court finds that it was timely filed, in proper
format, and is accepted.

At the direction of the Supervising Judge of Complex,
Hon. Carolyn B. Kuhl, the case is reassigned for
all purposes to Judge Ann I. Jones in Department SS11,
located in the Spring Street Courthouse.

Any previously scheduled matters in this Department
are hereby ordered ADVANCED to this date and VACATED,
subject to resetting in the newly assigned Department.

Counsel for Plaintiff/Moving Party is hereby ordered
to give notice to all parties.


        CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this

                                          MINUTES ENTERED
        Page   1 of  2   DEPT. SS17       04/18/18
                                          COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 04/18/18 | DEPT. SS17 |
| HONORABLE MAREN E. NELSON          JUDGE | N. NAVARRO          DEPUTY CLERK |
| HONORABLE          JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #4 | |
| C. JONES, C.A.          Deputy Sheriff | NONE          Reporter |

| | |
|---|---|
| BC700750 | Plaintiff |
| | Counsel |
| REBECCA ELIZABETH MURRAY | NO APPEARANCES |
| VS | Defendant |
| UNDER ARMOUR INC | Counsel |

**NATURE OF PROCEEDINGS:**

date I served the 4/18/18 minute order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: 4/18/18

Sherri R. Carter, Executive Officer/Clerk


By: _____
        N. NAVARRO, Deputy Clerk.



Keith D. Griffin
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017

Page   2 of  2   DEPT. SS17

| |
|---|
| MINUTES ENTERED |
| 04/18/18 |
| COUNTY CLERK |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 04/18/18 | DEPT. SS17 |
| HONORABLE MAREN E. NELSON     JUDGE | N. NAVARRO    DEPUTY CLERK |
| HONORABLE #4                JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| C. JONES, C.A.     Deputy Sheriff | NONE    Reporter |

| | |
|---|---|
| BC700750<br><br>REBECCA ELIZABETH MURRAY<br>VS<br>UNDER ARMOUR INC | Plaintiff<br>Counsel<br>     NO APPEARANCES<br>Defendant<br>Counsel |

**NATURE OF PROCEEDINGS:**

date I served the 4/18/18 minute order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: 4/18/18

Sherri R. Carter, Executive Officer/Clerk


By: _____
    N. NAVARRO, Deputy Clerk.



Keith D. Griffin
GIRARDI KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017


Page    2 of  2    DEPT. SS17

MINUTES ENTERED
04/18/18
COUNTY CLERK